17-3934
*Axginc Corporation v. Plaza Automall, Ltd.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of December, two thousand eighteen.

Present:
>            AMALYA L. KEARSE,
>            DEBRA ANN LIVINGSTON,
>            SUSAN L. CARNEY,
>                 *Circuit Judges*.

_____

AXGINC CORPORATION, FKA AXIS GROUP,

>             *Plaintiff-Counter-Defendant-Appellee*,

>       v.                                            17-3934

PLAZA AUTOMALL, LTD.,

>             *Defendant-Counter-Claimant-Appellant*.

_____

For Defendant-Appellant:          JED R. SCHLACTER, Schlacter & Associates, New York, NY

For Plaintiff-Appellee:           CHRISTINA H. BOST SEATON, FisherBroyles LLP, New York, NY

Appeal from a judgment of the United States District Court for the Eastern District of New York (Ross, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Plaza Automall, Ltd. ("Plaza") appeals from the February 21, 2017 decision and order of the district court for the Eastern District of New York (Ross, J.) granting Plaintiff-Appellee Axginc Corporation's ("Axginc") motion for summary judgment on: (1) its breach of contract claim for unpaid base rent, late fees and interest; and (2) Plaza's counterclaims of commercial impracticability and fraudulent inducement. Plaza also appeals the November 9, 2017 judgment and order of the court below awarding Axginc $2,609,337.99 in damages.

Plaza concedes that it failed to pay the rent amount due under the Sublease agreement entered into by the two entities (the "Sublease"), but asserts affirmative defenses of modification, waiver, commercial impracticability, frustration of purpose, and fraudulent inducement, in addition to two counterclaims. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

\* \* \*

Under Federal Rule of Civil Procedure 56, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Summary judgment is appropriate "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986). We review orders granting summary judgment *de novo*. *Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003). In determining whether there are genuine issues of material fact, "we are required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against

2

whom summary judgment is sought." *Terry v. Ashcroft,* 336 F.3d 128, 137 (2d Cir. 2003) (internal quotation marks omitted).

## A. The Waiver and Modification Affirmative Defenses

Under New York law, parties generally may modify a contract "by another agreement, by course of performance, or by conduct amounting to a waiver or estoppel." *Dallas Aerospace, Inc. v. CIS Air Corp.*, 352 F.3d 775, 783 (2d Cir. 2003) (quoting *CT Chemicals (U.S.A.), Inc. v. Vinmar Impex, Inc.*, 81 N.Y.2d 174, 179 (1993)). First, we conclude that Axginc did not waive its right to the rent amount required by the Sublease by invoicing Plaza for a reduced amount for several months, particularly in light of the Sublease's unambiguous no-waiver clause. *See 457 Madison Ave. Corp. v. Lederer De Paris*, *Inc.* 859 N.Y.S.2d 135, 136 (1st Dep't 2008) (holding that, where the governing Sublease contained a no-waiver clause, plaintiff did not waive right to annual increase in fixed rent by not demanding payment for the first five months in question). "While waiver may be inferred from the acceptance of rent in some circumstances, it may not be inferred . . . to frustrate the reasonable expectations of the parties embodied in a lease when they have expressly agreed otherwise." *Sunoce Properties, Inc. v. Bally Total Fitness of Greater N.Y. Inc.*, 48 N.Y.S.3d 476, 478 (2d Dep't 2017) (quotation omitted).

For similar reasons we conclude that Axginc did not modify the Sublease by invoicing Plaza for the reduced rent amount. "Fundamental to the establishment of a contract modification is proof of each element requisite to the formulation of a contract, including mutual assent to its terms." *Beacon Terminal Corp. v. Chemprene, Inc.*, 429 N.Y.S.2d 715, 718 (2d Dep't 1980). Here, Plaza has failed to demonstrate mutual assent to the alleged modification. *See Provident Loan Soc'y. of N.Y. v. 190 East 72nd Street Corp.*, 911 N.Y.S.2d 308, 309-10 (1st Dep't 2010) (holding that plaintiff's failure to demonstrate a clear intent by the defendant to relinquish its rights under

3

the Lease precluded finding of modification). Plaza has thus failed to raise a material issue of fact to support its affirmative defenses of waiver and modification.

## B. Commercial Impracticability and Frustration of Purpose

Plaza asserts two affirmative defenses based on its alleged inability to obtain flood insurance for the vehicles it intended to store on the land leased from Axginc following Hurricane Sandy. As the court below noted, however, these defenses are barred by the language of the Sublease. *See* J.A. 987 ("Tenant hereby waives any and all statutory defenses . . . and any other defenses Tenant may have in any action brought by Landlord for . . . failure to pay rent . . . . "). Moreover, even if Plaza could assert the defenses of commercial impracticability and frustration of purpose, they would both fail as a matter of law for the same reason: Plaza has failed to demonstrate that its inability to secure flood insurance was unforeseeable at the time of the formation of the Sublease.

First, under New York law, impossibility (which is treated synonymously with impracticability) is a defense to a breach of contract action "only when . . . performance [is rendered] objectively impossible. . . . by an unanticipated event that could not have been foreseen or guarded against in the contract." *Kel Kim Corp. v. Cent. Mkts., Inc.*, 70 N.Y.2d 900, 902 (1987) (holding that the lessee's inability to procure and maintain liability coverage "could have been foreseen and guarded against when it specifically undertook that obligation in the lease," and therefore rejecting defendant's impossibility defense). Given that Hurricane Sandy—an event that destroyed Plaza's inventory—occurred before the signing of the Sublease it was readily foreseeable that Plaza would subsequently experience difficulties in obtaining flood insurance coverage. Thus, Plaza's impracticability defense fails as a matter of law.

For similar reasons, we conclude that the district court did not err in rejecting Plaza's frustration of purpose defense. The doctrine of frustration of purpose discharges a party's duties to perform under a contract where a "wholly unforeseeable event renders the contract valueless to one party." *United States v. Gen. Douglas MacArthur Senior Vill.*, 508 F.2d 377, 381 (2d Cir. 1974). Here, Plaza again has failed to offer any evidence suggesting that the inability to secure insurance in the months following Hurricane Sandy was "unforeseeable" for the contracting parties.

## C. Fraudulent Inducement

Plaza next argues that Axginc fraudulently induced Plaza to renew the Sublease by misrepresenting to Plaza that Axginc would be "exclusive partners with Plaza in the vehicle processing business." J.A. 1077. To make out a claim of fraudulent inducement, a plaintiff must show that: "(1) the defendant made a material false representation, (2) the defendant intended to defraud the plaintiff thereby, (3) the plaintiff reasonably relied upon the representation, and (4) the plaintiff suffered damage as a result of such reliance." *Bridgestone/Firestone, Inc. v. Recovery Credit Servs., Inc.*, 98 F.3d 13, 19 (2d Cir. 1996); *see also Vermeer Owners, Inc. v. Guterman*, 78 N.Y.2d 1114, 1116 (1991) (holding that a fraud action requires proof of "a representation of material fact, falsity, scienter, reliance and injury").

We conclude that, at a minimum, Plaza has failed to raise a material issue of fact regarding the reasonableness of any reliance by it on any representations or commitments made by Axginc that are not reflected in the Sublease. Section 27.07 of the Sublease provides that:

> [T]his lease . . . is the entire agreement of the parties . . . there are, and were, no verbal representations, warranties, understandings, stipulations, agreements or promises pertaining to this lease . . . not incorporated in writing in this lease.
> J.A. 996.

5

The presence of this merger clause in the Sublease is pertinent to Plaza's fraudulent inducement defense: New York law recognizes that where a sophisticated party specifically *disclaims* reliance on prior representations when entering a contract, "that party cannot, in a subsequent action for common law fraud, claim it was fraudulently induced to enter into the contract by the very representation[s] it has disclaimed reliance upon." *McBeth v. Porges*, 171 F. Supp. 3d 216, 225 (S.D.N.Y. 2016); *see also Natoli v. NYC P'ship Hous. Dev. Fund Co.*, 960 N.Y.S.2d 137, 139 (2d Dep't 2013) (holding that the trial court should have dismissed plaintiff's fraud claims where the agreement contained a disclaimer "by which the plaintiff disavowed reliance upon any representations extrinsic to that agreement").

Moreover, even setting aside the merger clause, Plaza has failed to provide evidence that could support a claim of reasonable reliance. Plaza knew or had reason to believe as a sophisticated player in this business that the potential for a vehicle processing partnership was speculative, especially given the enormous storm that had just decimated the property. *See IKB Int'l S.A. v. Morgan Stanley*, 36 N.Y.S.3d 452, 456 (1st Dep't 2016) ("In other words, a sophisticated investor claiming that it has been defrauded has to allege that it took reasonable steps to protect itself against deception by, for instance, examining available financial information to ascertain the true nature of a particular transaction or facts averred."). We discern no error in the district court's conclusion that Plaza failed to raise a material issue of fact as to fraudulent inducement.

**D. The Damages Calculation**

For many of the reasons canvassed above, we affirm the district court's calculation of damages, including its assessment of late fees and interest payments. The Sublease provides that:

> If any installment of rent . . . due from Tenant is not received by Landlord . . . within ten (10) days after such amount is due, Tenant shall pay to Landlord a late charge equal to five percent (5%) of such overdue amount . . . plus interest at the rate of

6

> the lesser of eighteen percent (18%) per annum or the highest rate allowed by law, shall be due from the date due until paid.
>
> J.A. 996.

We conclude that Axginc did not waive or modify this contractual provision providing for interest payments and late fees, and the district court therefore correctly assessed the total damages amount. "[C]ourts assume that the parties have knowingly bargained for the provisions of their agreement. This is especially true in the case of arm's length commercial contracts negotiated by sophisticated and counseled entities." *Eujoy Realty Corp. v. Van Wagner Communications*, *LLC*, 22 N.Y.3d 413, 424 (1st Dep't 2014) (citing *Oppenheimer & Co. v. Oppenheim, Appel, Dixon & Co.,* 86 N.Y.2d 685, 695 (1995)). Here, the terms of the Sublease are clear: Plaza knew or should have known what its monthly base rent obligations were under the Sublease and should have paid those amounts when due, regardless of the invoiced amounts. Moreover, the "unambiguous no-waiver clause in the sublease eliminated any issues of fact" as to whether Axginc waived its right to the interest payments by accepting the reduced rent payments. *457 Madison Ave. Corp*., 859 N.Y.S.2d at 136.

We Plaza's additional arguments and find them to be without merit, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

7